IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JEREMONTREL DAVIS, #368147,

    Plaintiff,

v.                                       Case No.: GJH-15-3770

DIVISIONS OF CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION

### I. BACKGROUND

Jeremontrel Davis ("Davis"), an Eastern Correctional Institution ("ECI") inmate, filed this 42 U.S.C. § 1983 civil rights Complaint for injunctive relief and damages on December 9, 2015. He complained that he had been denied necessary treatment for a "medical emergency," namely, eye transplant surgery for "severe scaring and tissue thinning in my eyes." ECF No. 1. Davis alleged that a doctor at Johns Hopkins Medical Center ("JHMC") had recommended that he receive the surgery. *Id*. On December 16, 2015, the Court issued an Order which dismissed the claim against the Maryland Division of Correction, granted Davis additional time to amend his Complaint and to remit the filing fee or, in the alternative, to move to proceed in forma pauperis, and ordered counsel for the Maryland Department of Public Safety and Correctional Services ("DPSCS") to file a show cause response to the Complaint to provide verified information regarding Davis's eye condition and treatment. ECF No. 2.

On January 11, 2016, counsel filed a Show Cause Response. ECF No. 4. The response relied on exhibits filed outside the scope of the pleading and substantively responded to Davis's

allegations regarding his medical situation. It was treated as a motion for summary judgment and under the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), on February 10, 2016, Davis was placed on notice of the re-characterization of counsel's filing and of his entitlement to file an opposition response with supporting materials. ECF Nos. 5 & 6. He was granted an additional period of time to file a responsive pleading. As of the date of this Memorandum Opinion and Order, Davis has not filed a response, nor has he filed an amended complaint or the filing fee or indecency application.

## II.   STANDARD OF REVIEW

A motion for summary judgment will be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322–23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## III.   DISCUSSION

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that healthcare officials were deliberately indifferent to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285 (1976); *Staples v.*

*Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. *See, e.g., Cooper v. Dyke*, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); *Loe v. Armistead*, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating injury" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, a plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662 (1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that a defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (citations omitted).

Under the law in this Circuit, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citations omitted).

According to the materials, Davis was seen by a board certified ophthalmologist at JHMC on December 3, 2015. ECF No. 4-1 at 2.[1] The ophthalmologist found no need for Davis to

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

undergo a cornea transplant at that time. *Id.* The Director of the DPSCS Clinical Services explained in her Declaration that, while Davis claims that he requires a corneal transplant due to his Keratoconus,[2] the condition may progress for 10 to 20 years and then slow in its progression. *Id.* According to the unopposed Declaration, Davis is receiving follow-up eye care from a board-certified ophthalmologist.

Based upon the Declaration of the Director of the DPSCS Clinical Services, Davis has failed to show that he is subject to immediate and irreparable harm if emergency relief is not granted. There is currently no recommendation for eye surgery and he is being provided follow-up care. Injunctive relief is not warranted and shall be denied. Davis's claim for damages shall be dismissed without prejudice.

IV. **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, GRANT the court-construed motion for summary judgment and SHALL DISMISS the Complaint.

Dated: April 19, 2016

GEORGE J. HAZEL
United States District Judge

---

[2] According to the Mayo Clinic, "Keratoconus occurs when the cornea—the clear, dome-shaped front surface of the eye—thins and gradually bulges outward into a cone shape. A cone-shaped cornea causes blurred vision and may cause sensitivity to light and glare. Keratoconus usually affects both eyes and generally begins to first affect people ages 10 to 25. The condition may progress slowly for 10 years or longer. In the early stages of keratoconus, [one] can correct vision problems with glasses or soft contact lenses. Later [one] may have to be fitted with rigid gas permeable contact lenses or other types of lenses." *Keratoconus*, Mayo Clinic (April 7, 2016, 12:19 PM) http://www.mayoclinic.org/diseases-conditions/keratoconus/home/ovc-20180370.